GARY M. RESTAINO
United States Attorney
District of Arizona
NATHANIEL J. WALTERS
Assistant United States Attorney
State Bar No. 029708
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email: nathaniel.walters@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | |
|---|---|
| Plaintiff, | CR-22-00596-JGZ-MAA |
| vs. | |
| Guillermo Estrella, | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | |

Now comes the United States of America, by and through its undersigned attorneys, and hereby submits the following sentencing memorandum about the defendant, Guillermo Estrella ("Estrella").

## I.      FACTUAL BACKGROUND

In March of 2022, special agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") received information that Estrella's co-defendant, Luis Fernando Cruz-Valenzuela, had purchased firearms in the United States that were later recovered in the Republic of Mexico. (Doc. 151 at ¶¶ 15-16). As part of their investigation, ATF special agents began contacting Federal Firearms Licensee ("FFL") stores to ascertain if Estrella had purchased any firearms. (Doc. 151 at ¶ 18). As part of the investigation, agents learned Estrella purchased firearms on six occasions. (Doc. 151 at ¶ 12). Specifically, Estrella purchased firearms on February 22, 2022, February 25, 2022, two times on March 14, 2022, March 25, 2022, and March 25, 2022. (Doc. 151 at ¶ 12). The total purchase price for all the firearms amounted to $3,281.19.

Agents interviewed Estrella on April 5, 2022, and he admitted he purchased approximately five Glocks over a month period. (Doc. 151 at ¶ 29). Estrella also stated he was given money by another person for every purchase, was told which firearm to purchase, and was given additional money as payment. (Doc. 151 at ¶ 29). After ATF agents showed Estrella the ATF forms which he completed to purchase the firearms, Estrella admitted he lied on the forms about being the actual transferee/buyer of the firearms. (Doc. 151 at ¶ 30). As noted in the Presentence Report ("PSR"), it appears Estrella's involvement was limited to purchasing firearms. (Doc. 151 at ¶ 37).

On June 29, 2022, the United States obtained a superseding indictment charging Estrella with six counts of making false statements in connection with the acquisition of firearms and one count of smuggling goods from the United States. (Doc. 151 at ¶ 3).

## II.    PROCEDURAL BACKGROUND

On April 26, 2023, Estrella pleaded guilty to Count 33 of the Superseding Indictment, Smuggling Goods from the United States, in violation of 18 U.S.C. § 554(a). (Doc. 151 at ¶ 7). The United States has no objection to the PSR Guideline calculation of a total offense level of 23 and the calculation of a Criminal History Category I. (Doc. 151 at ¶¶ 44-53; 54-57). The Sentencing Guidelines call for a sentence of 46-57 months in prison. (Doc. 151 at 22). The plea agreement, in this case, calls for a sentence not to exceed 46 months in prison. (Doc. 151 at 22). At the time of sentencing, Estrella will have served zero days in custody. (Doc. 151 at 1). The PSR recommends a sentence of 24 months in prison. (Doc. 151 at 22). Estrella's co-defendant, Albert Rufino Espinoza received six months in prison followed by 36 months of Supervised Release. (Doc. 141). The United States, having reviewed the findings and information contained in the PSR, concurs with the recommendation and recommends a sentence of 24 months in prison followed by three years of supervised release.

## III.    LAW & ARGUMENT

The goal of sentencing is to achieve a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."

18 U.S.C. § 3553(a). In doing so, the Court must account for various factors specific to the particular defendant and particular case. Accordingly, the framework for determining an appropriate sentence is outlined in § 3553(a). In particular, § 3553(a) requires that the Court ensure the sentence imposed properly considers, among other factors: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense; (4) the need to afford adequate deterrence; (5) the need to protect the public from further crimes of the defendant; (6) the needs to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to the victims of the offense.

In this case, a sentence of 24 months in prison appropriately reflects the severity of Estrella's offenses. Estrella's offenses in this case are very serious. Estrella engaged in a course of unlawful conduct involving the purchasing and smuggling of firearms that he undoubtedly knew would end up in the hands of the Mexican cartels. The harm that Estrella's offenses have caused – and is likely to continue to cause – is beyond measure. He repeatedly engaged in unlawful activity to put weapons in the hands of violent criminals for the purpose of personal financial gain, and his conduct directly furthers the rampant and severe violence in Mexico resulting in the threatening, injury, and death of countless individuals.

Estrella's lack of prior criminal history is adequately reflected in his Criminal History Category I. However, as discussed, his unlawful conduct here was extensive and repetitive. Here, a significant sentence of imprisonment is necessary to reflect the severity of the offenses and the danger to the public caused by Estrella's ongoing offenses.

Finally, the United States respectfully requests that this Court enter a Final Order of Forfeiture against Estrella in the amount of $3,281.19, the value of the firearms involved in Estrella's offense of conviction.

Based on the factors above and listed in the PSR, the United States' recommendation of 24 months in prison is "sufficient but not greater than necessary" to achieve the objectives of sentencing. 18 U.S.C. § 3553(a). The United States'

- 3 -

recommendation is a just punishment for the offense, promotes respect for the law, affords adequate deterrence to criminal conduct, and protects the public from Estrella and his illegal actions. To ensure and provide adequate deterrence with regard to future criminal conduct, the United States recommends a term of three years of supervised release in this matter.

Sentencing is currently set for July 11, 2023.

Respectfully submitted this 5th day of July 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

s/ Nathaniel J. Walters

NATHANIEL J. WALTERS
Assistant United States Attorney

Copy of the foregoing served electronically or by other means this 5th day of July 2023, to:

All ECF Participants